The next case this morning is 523-0385, People v. Hedrick. Arguing for the appellant is Stephen Gentry. Arguing for the appellee is Lauren Schneider. Each side will have ten minutes for their argument. The appellant will also have five minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Good morning. Good morning. Stephen Gentry representing Mr. Hedrick? Yes. We're kind of getting back on schedule. We had a little delay. I have some new, a new computer and it took me a little bit to get my settings updated from what we used to have. So we got a little bit behind schedule to start, but we're back on schedule. So Mr. Gentry, are you ready to proceed? Yes, I am. All right, you may do so. Thank you. It is a bedrock principle of the American criminal justice system that no defendant will be convicted unless found to be guilty beyond a reasonable doubt. Any and all reasonable doubts require acquittal. Timothy Hedrick should be granted a new trial in this case because the trial court improperly interrupted his proper closing argument on this very point, undermining his defense when the judge wrongly told the jury that even if the state proved its case beyond not all reasonable doubt and not beyond any reasonable doubt, it would still be enough for the jury to convict. Mr. Hedrick's counsel said to the jury, Tim doesn't have to prove anything unless the state shows he is guilty beyond all reasonable doubt. The trial court then interrupted and said, let me stop you for a second. Beyond a reasonable doubt, not all reasonable doubt. And that is very clear. So I do have to interject on my own. The standard is beyond a reasonable doubt, not beyond any reasonable doubt. Do we understand the difference? Thank you. The court was wrong to interject first because defense counsel's argument was not at all improper or incorrect as the state concedes. By nevertheless interrupting counsel and telling the jury that the court had to do so, the court sent a message to the jury. The defense counsel's argument was not proper and should be disregarded. Second, it was also wrong because the court's statement amounted to defining reasonable doubt, which is improper under Illinois Supreme Court precedent. Third, it was wrong because the court's definition was incorrect. Any reasonable doubt is not different from a reasonable doubt as the state also concedes. The court's suggestion that some reasonable doubt would not be enough for acquittal is incorrect. Finally, it was wrong because by suggesting that some doubt would not suffice for acquittal in the context of this proper defense argument, the court undermined Hedrick's entire defense, which was properly before the jury to consider. Timothy Hedrick's defense at trial was that there was reasonable doubt as to his knowledge of the images on his phone for which he was charged with possessing and reproducing. This defense was based on his own steadfast and consistent denials of knowledge and his statement along with the testimony of his mother, brother, and his former girlfriend, all attesting to his habit of providing his password and lending his phone out to others, including one man later found to be a sex offender who lived with Hedrick during the time period covering at least one of the charges for which he was convicted. For all of his denials in terms of knowing that this was on his phone, could his credibility have been called into question by the trier of fact by his denial of knowing that there was a secured folder and then later admitting that there was a secured folder, not knowing how to open it, and then later opening it after the second attempt at a pattern lock? How do we know that the jury just didn't believe anything you said about not knowing that? Your Honor, we don't know that. We can't read the jury's mind here. However, it was a question for the jury to consider. It was not for the trial court to take that away from the jury to consider. Credibility of witness of the evidence is always an issue in every single trial, and that's no different here. How did the trial court take that ability from the trier of fact? By telling the jury that even if it did have some doubt as to Mr. Hedrick's knowledge, it could still possibly convict. By telling the jury that not all reasonable doubt and not any reasonable doubt would be enough for acquittal, it undermined the entire fairness of the trial. But I also assume, counsel, that with the instructions, there was no issues with how the judge instructed the jury on the charges and how to deliberate and the myriad of other Your Honor, because there were no instructions specifically correcting these erroneous statements to the jury, none of these other instructions can be found to have cured the error here. It's not a situation where an objection was made or the court recognized the error and corrected itself. These regular instructions read in the context of the court's interrupting of defense counsel could only have been seen by the jury as that the defense counsel was improper in counsel's argument. There was no direct evidence of Hedrick's actual knowledge of the recovered images. The credibility of his defense was properly before the jury to determine, and this determination was improperly undermined by the court's comments such that there can be no confidence that the jury actually found him to be guilty beyond all reasonable doubt. Any instruction defining reasonable doubt, as was done here, violates a defendant's due process rights if there is a reasonable likelihood that the jurors understood the instruction to allow conviction upon proof less than a reasonable doubt. Here the court's interjection created a reasonable likelihood that the jurors understood the instructions to allow for conviction even with some reasonable doubt and thus calls for a new trial. This error was further compounded by the state's improper comment during its rebuttal argument, further undermining the defense by suggesting to the jury that Mr. Hedrick was still specifically responsible for criminal activity done on his phone by others. This argument was unsupported by the evidence and wrongly suggested to the jury that even if they found that the images recovered from the phone were put there by someone else without Hedrick's knowledge of the specific images being on his phone, they should still convict. The court's comments on reasonable doubt in the state's improper argument suggested to the jury that if it had any doubt regarding someone else possibly having put the images on the phone, regardless of Mr. Hedrick's actual knowledge, it should still convict. When neither of these comments were directly addressed by other instructions, no other instructions should be found to have rendered these errors harmless. Due to either or both of these improper comments to the jury, Timothy Hedrick should be granted a trial at which the jury may properly consider whether he is actually guilty of the charges beyond any and all reasonable doubt. Thank you. Any other questions, Justice Bowman? I don't, unless counsel with a short period of time wants to, you know, address the sentencing issue just briefly or stand on his brief either way. I'll stand on the brief with regard to sentencing and possibly respond in rebuttal if the state makes an argument. Thank you. Questions, Justice Barberos? Not at this time, thank you. All right, thank you. If we have no chance for rebuttal in a moment, then Mr. Gentry, Ms. Schneider, you're ready to proceed. Thank you, your honors. Good morning. Good morning, counsel, and may it please the court. I am Assistant Attorney General Lauren Schneider representing the people. So, first, I do want to call the court's attention to the fact that defendant has forfeited the purported errors in closing argument by failing to object at trial, and in this post-trial motion, defendant cannot meet the standard for this court's plain error review. First, because no clear and obvious error occurred, and even if a clear and obvious error had occurred, defendant cannot meet either prong required for plain error review because the evidence was not closely balanced and the alleged errors are not structural. But forfeiture aside, focusing first on the closing arguments, there simply was no error here. Neither was the court's instruction on reasonable doubt improper or defective, nor was the prosecutor's comment improper, and neither comment would require reversal in a new trial, even assuming either comment were improper. So, first, the circuit court gave a correct reasonable doubt instruction and did not define reasonable doubt. So, counsel and I do agree that there is no difference between beyond all reasonable doubt, beyond any reasonable doubt, and beyond a reasonable doubt. And it was not strictly necessary for the trial court to interject to restate the reasonable doubt standard to be more aligned with the Illinois criminal pattern jury instructions. But the court statement was not incorrect nor misleading. First, it was correct. Let me stop you for one second. Forfeiture aside on this issue, the fact that the trial court interrupted the closing statement, and let's agree that what the court stated was not incorrect, and as you seem to concede, neither was the statement made by defense counsel. Does the simple interruption lend itself to instructing the jury subliminally, if you will, that what the defense attorney was saying was correct? I mean, does that taint the jury's mind as to the effectiveness of the defense counsel? No, your honor, and that's for a couple of reasons. First of all, this would be in the context of a full and robust closing argument during which the trial court had not interjected before. This was not a pattern of occurrence. So, there was nothing for the jury to think that, oh goodness, there are many problems here. But second, if the jury thinks about what the judge is saying, which, again, the judge is emphasizing that the standard is beyond a reasonable doubt. The judge is not defining how reasonable doubt is to be understood, but it's emphasizing beyond a reasonable doubt. So, a juror is going to stop and think, okay, to convict, the standard is beyond a reasonable doubt. So, I need to make sure I do not have a single reasonable doubt about whether defendant is guilty. And if I have a single reasonable doubt as to whether he's guilty, then I have to acquit. So, I need to make sure that all reasonable doubt is gone before I convict. So, if the jury's thinking about the judge's words, the jury's not going to be misled. And those words are repeated multiple times, of course, throughout the trial, before trial, during admonishments, as well as several times during the formal jury instructions. So, we're really repeating the same standard. And if the question is whether the interruption in and of itself is error, even if it were error, it could not have prejudiced defendant. In his argument, he simply states that because defendant was convicted, he must have been prejudiced by this. But he bases this assumption on nothing more than a continued adherence to a completely unbelievable story that at some point, someone who happened to know the unique pornography saved them. And that defendant somehow didn't know anything about this for weeks or months. The defense simply made no sense then. And as your honor pointed out, his credibility was significantly undermined by the fact that he went for over an hour and a half denying the existence or knowledge or understanding at all of any secured folder, only to open it for investigators. So, the court's interruption of closing arguments in the grand context of everything that had transpired before, both the strength of the evidence as well as the closing arguments that overall repeated the correct reasonable doubt instruction multiple times, could not be the one tipping factor that somehow caused defendant to have been convicted by any lesser standard than beyond a reasonable doubt. Second, to move, unless your honors have further questions about the beyond a reasonable doubt instruction, the court did not abuse its discretion by allowing the prosecution's remark, which again, defendant did not object to at the time. So, the prosecutor's comment in its full context, again, within a robust opening closing argument, as well as the rebuttal closing argument, the somewhat vague comment nearly suggests that defense theory is implausible. But again, it doesn't really make sense that this other person would have somehow downloaded these images without defendant's knowledge when he did not even have his phone at the time in question. But more importantly and more clearly in the full context of the arguments, there's just no way that a reasonable juror could have convicted defendant just because defendant at some point earlier in the year had lent his phone to someone else. So, even if a juror happened to believe defendant's far-fetched theory that this Matt Barnes might have added these images again to the secured folder with a unique pattern swipe block without defendant's knowledge, the juror wouldn't have understood that they could convict defendant just on that because the jury was properly instructed as to the elements of possession, that defendant could be convicted even if someone else happened to put the images on the phone, but defendant knowingly kept them there. And that's what the evidence shows. Well, really, it shows very strongly that it was defendant, in fact, who put those images there. But even for the sake of this particular argument, assuming an image was put there by someone else, the evidence showed that defendant certainly knew they were there. They were, again, found in the secured folder. The image that was downloaded in July, the only one that overlapped with Matt Barnes' potential possession of defendant's phone, that image was immediately apparent right when the secured folder was open. As soon as you open it in gallery mode, there it is staring at you in the face. Defendant was the one who knew the unique swipe code, and he, of course, undermined his credibility again by continuing to deny knowledge of this folder. So he tried to conceal his knowledge that he possessed this image because he knew what the secured folder contained. He clearly, overall, knew that he possessed these images, and that is sufficient for conviction of possession, no matter who put the images on the phone. And again, it is highly implausible that anyone other than defendant did so. So the jury properly understood, regardless of this one vague offhand comment in the full context of closing argument, the jury properly understood that he was guilty of possession of these images. It's simply not the kind of prejudicial remark that warrants reversal, and there's no analogous case that defendant can point to where such an isolated comment offered in rebuttal was held to be reversible error. In fact, both the cases he points to, the comments were not held to be reversible error when the jury, this is key, received proper instructions on the applicable law. So very briefly, I will address that sentencing in light of both the aggravating and mitigating factors. The sentence was not excessive. It fell around the middle of the statutory range, and it must be served consecutively. Given the aggravating factors that defendant had over 400 images of child pornography in his phone, 78 of which appear to depict prepubescent children, he had dozens of visits to websites of child pornography. He completely denied responsibility in his statement and elocution. This points to a pattern of conduct, knowing that he was offending in this way. So his sentence is certainly not manifestly disproportionate to the nature of the offense. I see I'm out of time. We ask that this court affirm the conviction and sentence. Thank you. Questions, Justice Lee? And just so I'm clear, again, remembering from reading, the court changed the consecutive, you know, up the total number during the sentencing hearing when it was brought to his attention that all had to be run consecutive, correct? No, Your Honor, that's not quite what happened. He was aware that the sentence would run consecutive during the entirety of sentencing where the number was adjusted was simply because he made an error in calculation in his head mathematically as to how he was going to get to 25 years cumulatively on the possession counts added to the 30 years that he imposed on the reproduction counts. So when it was brought to his attention that when he accidentally misspoke and said three years on each of the class two felonies, that math didn't add up. Three times five is not 25. So he realized, oh, I misspoke. And he said, I thought I might have misspoke there and then adjusted to make sure that his sentence was not inconsistent. So I apologize on my error there, but it was done at that hearing immediately during the sentencing hearing immediately. Yes, Your Honor. Okay, thank you. Thank you. Just barbarous questions. No, no, thank you. All right. Thank you. Thank you, Your Honor. As to the sentencing issue, my only response is not immediate and not appropriate insofar as the actual sentence didn't add up to some other number is not a reason to increase the initial sentence. But moving on to the primary issues and the forfeiture argument that counsel made, there certainly is a clear error here. And it's not clear to me how the state could claim otherwise when they concede that defense counsel was not incorrect in saying all reasonable doubt. And then the court said not all reasonable doubt. It seems like where the court is directly contradicting the correct standard, that isn't clear error. As to whether or not these issues can be addressed. Let me stop you. The court interrupting and interjecting and correcting, as you say, attempting to correct what was not needed to be corrected. So in other words, the defense counsel made a correct statement. The court interjects also a correct statement. Where's the error? Well, the court's statement that not any reasonable doubt and not all reasonable doubt. Those are incorrect. Yes, all reasonable doubt. Yes, any reasonable doubt. And it's not for the number one to define it. But number two, it is defining it incorrectly. Any reasonable doubt is not different than a reasonable doubt. But the court said that there was. And in fact, at the end of the court's statement, it said, do we understand the difference? So the court was saying that there is a difference when in fact there is not a difference. And that incorrect statement was an error. This is the type of error that has been addressed as plain error by courts previously. We cited in the opening brief people versus Phillips. That's one example. There are others cited in the briefs as well. And the state's argument as to whether the evidence was closely balanced really is an argument about the credibility of the evidence. And that the state says there, you know, that there was perhaps evidence that someone else had had the phone. But in fact, there were at least three witnesses or whether there were a total of three witnesses that attested to him giving out the phone. And it was not just one other person. So where there was evidence that he had routinely given out the phone to others, there was, in fact, a balance of the evidence. The credibility of the evidence is a separate issue, but that is only for the jury to have determined as properly instructed it where here. The jury was was not properly instructed. It opened up the possibility that the jury understood they could still convict if there was some reasonable doubt where the court said not any reasonable doubt that definitely left the possibility of the jury thinking that some reasonable doubt would still allow it to convict. Finally, as with respect to the state's argument on its own closing argument in rebuttal at trial, the state's comment that if if the image suggesting that if the images had made their way to the phone while the phone had been lent out to someone else to comment on him, despite what the state is arguing this morning, that suggests responsibility. It doesn't address plausibility or credibility. That comment on him is a statement of responsibility. And for that reason, it was erroneous. And in the context of the court's improper comments, really exacerbated the nature of the prejudice here, which was the jury's proper with respect to the jury's proper consideration of the defense. Regardless of the state's argument, it was for the jury to determine that credibility. And if it found it to be credible enough to raise any reasonable doubt, the jury should have been allowed to quit because that did not happen here. This court should reverse and remand for a new trial. Can you address with I know you don't have much time left, and perhaps Justice Vaughn will allow you to answer my question, but can you address the forfeiture issue just very briefly? Sure. Well, once again, people versus Phillips said in the opening brief is an example of where this type of issue has been addressed as second prime plain error. It's well, it's we've also cited cases in the opening and reply brief with respect to defendants not being expected to contemporaneously object to comments from the court itself. And then there's with respect to the balance of the evidence. The evidence was balanced by three different witnesses attesting to Mr. Hedrick frequently lending out his phone, and that would have passwords. And so it was there was evidence for as to the element of knowledge. There was certainly no proof that the state presented that he had exclusive possession of his phone during any of the specific relevant times. And so the evidence that he did routinely give out his phone and that have included passwords is enough for it also to be considered under the first prong. So under either of those, or as counsel being ineffective for failing to preserve the issue, this court certainly should should reach an issue of this magnitude, reaching this foundational element of proof beyond any and all reasonable doubt. Based on those questions, any other questions, Justice Bowie? No questions. All right. Thank you. We appreciate your arguments today. We've considered your briefs. We will take the matter under advisement and issue a decision in due course.